# 99 DTA 111

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN
## PANEL IV

MARIA RODRIGUEZ BAEZ
Demandante-Apelante

v.

RICARDO ALONSO MORALES
Demandado-Apelado

Núm. KLAN-99-00008

San Juan, Puerto Rico, a 17 de marzo de 1999

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

Rossy García, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El recurso de apelación instado en el caso de epígrafe interesa la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (Nydia Z. Jiménez Sánchez, J.), la que fue notificada el 2 de diciembre de 1998. Mediante ésta, dicho foro dispuso la desestimación y archivo, sin perjuicio, de la demanda sobre divorcio bajo la causal de trato cruel que presentara la aquí apelante, María Rodríguez Báez, contra el señor Ricardo Alonso Morales. Fundamentó dicho dictamen el foro apelado en la incomparecencia de las partes y sus respectivas representaciones profesionales a la vista en su fondo del caso. Una moción de reconsideración que fue oportunamente presentada, y en la que la aquí apelante acreditó, contrario a lo determinado por el foro de instancia, su comparecencia a la vista señalada ello luego de haber solicitado y serle concedido un turno posterior, y en la que expuso las gestiones de diligencia por ella realizadas y las circunstancias que la llevaron a comparecer ese día a las 10:30 A.M., fue también denegada, ésta por inacción del tribunal.

Inconforme la apelante con dicho dictamen, interpuso en tiempo oportuno el recurso que nos ocupa. En éste imputa, como fundamento de revocación, abuso de discreción por parte del foro de instancia al decretar la desestimación y archivo del caso. Resolvemos, luego de considerar las circunstancias que dieron base al dictamen apelado a la luz del derecho aplicable, que se cometió el error imputado. *Ortiz Rivera v. Agostini,* 92 D.P.R. 187, 193 (1965).

Procede, en consecuencia, emitir sentencia revocatoria de la apelada para ordenar la reinstalación de los procedimientos y la continuación del trámite procesal ante el foro de instancia.

**I**

La señora María Rodríguez Báez presentó una demanda de divorcio por la causal de trato cruel contra el señor Ricardo Alonso Morales el 11 de febrero de 1997. En trámite dicha acción, las partes intentaron disolver el vínculo matrimonial mediante la causal de consentimiento mutuo, esfuerzos que resultaron infructuosos. Así, y mediando la previa autorización del foro de instancia, el trámite procesal del caso continuó por la causal de trato cruel. Completadas las alegaciones y definidas las controversias, la vista en su fondo del caso fue señalada para el 22 de octubre de 1998.

Surge del expediente que la abogada que ostenta la representación legal de la apelante, Lcda. Melissa Cintrón Fanduiz, se mantenía a cargo del cuidado y atención de su señora madre (Q.E.P.D.), afectada entonces por una condición de cáncer en el pulmón que le había sido diagnosticada en marzo de 1997, y para la cual estaba recibiendo tratamiento. Fue en tales circunstancias que el 20 de octubre de 1998, en horas de la tarde, la Lcda. Cintrón fue informada de que el 22 de octubre de 1998, a las 9:30 A.M., se le administraría a su señora madre un tratamiento de radioterapia, fecha que confligía con el señalamiento de vista en su fondo dispuesto por

el foro de instancia para el caso de epígrafe.

De otra parte, y como es del conocimiento de todos, para esa fecha nuestro país se encontraba inmerso en la crítica situación de emergencia creada por el paso del huracán *"Georges"*, como resultado del cual quedaron seriamente afectados los servicios de energía eléctrica, agua y teléfono. Ello dio base a la adopción de medidas remediales tanto por el Tribunal Supremo, *In Re: Medidas Judiciales Para Atender Emergencias Causadas Por el Huracán Georges, __ D.P.R. __ (1998),* **98 J.T.S. 129,** así como por la Asamblea Legislativa, quien aprobó la Resolución Conjunta (R.C.) de la Cámara Núm. 1939, convertida posteriormente en la R.C. Núm. 540 de 30 de octubre de 1998, para establecer un período de prórroga desde el 21 de septiembre de 1998 y hasta el 30 de octubre, de todos los términos jurisdiccionales, directivos, de prescripción y de caducidad en los procedimientos judiciales, civiles y criminales, bajo la consideración del E.L.A. de P.R. Posteriormente, dicho cuerpo legislativo consideró necesario extender el alcance de la precedente medida, y mediante *"La Resolución convertida en la R. C. Núm. 633 al recibir la firma del Gobernador, modificó el período de prórroga antes indicado para extenderlo hasta el 16 de noviembre de 1998".*

Como consecuencia de tal emergencia, y según expuesto por la Lcda. Cintrón en sus escritos ante el foro de instancia, no le fue posible preparar una moción exponiendo el conflicto que le representaba la cita para el tratamiento médico de su madre con el señalamiento previo ordenado por el tribunal para el 22 de octubre de 1998. Según por ella expuesto en la moción de reconsideración que fue oportunamente presentada ante el foro de instancia, *"toda vez que la abogada suscribiente carecía de energía eléctrica desde el paso del huracán "Georges" hizo las gestiones para preparar una moción [para informar] el conflicto surgido [y solicitar] el último turno de la mañana para comparecer".* Procedió así a exponer que, ante la imposibilidad de preparar la referida moción, se comunicó telefónicamente con el despacho de la Juez, y que luego de explicar su situación y mantenerse en línea por unos minutos, fue informada por una funcionaria identificada como *"Jackie"*, que la Juez le había concedido el turno de las 11:00 A.M. Según expuesto también en dicha moción, fue instruida para que notificara tal particular a las demás partes, lo que hizo.

Con estos antecedentes, el 22 de octubre de 1998 la Lcda. Cintrón compareció a la sala del tribunal con su representada, la aquí apelante, alrededor de las 10:30 A.M. A esa hora se estaba ventilando en sus méritos otro caso, el cual se extendió hasta poco más de las 12:30 P.M. Según por ella expuesto tanto en la referida moción de reconsideración como el recurso antes nos, en ese momento la Lcda. Cintrón consultó con el alguacil de sala sobre si su caso se vería también en horas de la tarde. Indica, además, que el alguacil de sala le informó que el caso fue desestimado, habiéndose ordenado su archivo, sin perjuicio. Ello dio base para que la Lcda. Cintrón le explicara su situación al alguacil de sala, a quien le solicitó que se lo informara a la Juez. Le peticionó, además, que le permitiera comparecer a cámara para hablar con ésta. Cumpliendo con el ruego de la Lcda. Cintrón, el alguacil de sala fue al despacho y a su regreso le informó que la Juez recordaba la comunicación del día anterior solicitando un turno posterior pero que, por aparente omisión de la secretaria, no existía constancia de ese hecho en el calendario y, por ende, al no estar presente las partes ni su representación legal al momento de llamarse el caso, se ordenó su desestimación y archivo sin perjuicio. Igualmente le indicó que la Juez solicitó la presentación de una moción, exponiendo toda esta situación y proveyendo varias fechas para un nuevo señalamiento, lo que hizo. Así, el 3 de noviembre de 1998 presentó un escrito titulado *"Moción Urgente Solicitando se Deje sin Efecto Archivo del Caso y Solicitud de Vista en su Fondo",* en cumplimiento con lo ordenado.

No obstante, el 2 de diciembre de 1998 fue notificada la Sentencia ahora apelada decretando la desestimación y archivo del caso. De otra parte, la moción de reconsideración que fue oportunamente presentada, según ya indicado, quedó denegada de plano por inacción del tribunal, lo que dio base a la interposición del recurso de apelación que nos ocupa.

## II

Como parte de su función judicial, los jueces poseen el poder o la facultad para actuar de una forma u otra dentro de un marco de buen juicio, sentido y razonabilidad en busca de la justicia. Esa facultad la conocemos como discreción judicial y se entiende que es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Sánchez González,* 90 D.P.R. 197, 200 (1964). Acorde con ello, en el ámbito de las sanciones, no existe duda alguna de que los tribunales tienen el poder discrecional para decretar e imponer la medida correctiva que entiendan procedente, como sería imponer sanciones económicas, eliminar las alegaciones de una parte y hasta desestimar la demanda. Sin embargo, esa actuación conlleva un ejercicio razonable, juicioso y apropiado. *Maldonado v. Srio. de Rec. Naturales,* 113 D.P.R. 494, 498 (1982).

Reiteradamente, nuestro Tribunal Supremo ha reconocido la existencia de la política de que los casos se ventilen en sus méritos, brindándole la oportunidad a todo litigante de su día en corte para dilucidar la legitimidad de su derecho a reclamar, si es demandante, o de su defensa, si es demandado. *Ramírez de Arellano v. Srio. de Hacienda,* 85 D.P.R. 823 (1962); *Acevedo v. Compañía Telefónica de P.R.,* 102 D.P.R. 787 (1974). Por ende, *"[l]a desestimación de un pleito sin ir a sus méritos como un medio de sanción, debe ser [el] últim[o] recurs[o] a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia...".* *Ramírez de Arellano v. Srio. de Hacienda, supra,* págs. 829-830. Así, la desestimación, por ser la más fatal de las medidas que puede decretar un tribunal, no es ni ha sido favorecida como primera alternativa. José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña,* Vol. II, **Publicaciones J.T.S.,** San Juan (1985), Pág. 204 (Supl. 1998). Por ello, tal medida extrema resulta procedente en aquellos casos en que no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toma, *Acevedo v. Compañía Telefónica de P. R., supra,* pág. 791; *Garriga Gordils v. Maldonado Colón,* 109 D.P.R. 817 (1980*); Arce v. Club Gallístico de San Juan,* 105 D.P.R. 305 (1976); *Ortiz Rivera v. Agostini, supra; Ramírez de Arellano v. Srio. de Hacienda, supra,* situación que no está presente en el caso que nos ocupa. Véase, además, José A. Cuevas Segarra, *supra,* pág. 405.

De otra parte, es norma reconocida que cuando surge una situación que amerita o requiere la imposición de sanciones, el tribunal, en primer lugar, debe imponer las mismas al abogado de la parte. Si no obtiene resultados positivos con esa medida correctiva, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo después que la parte propiamente haya sido informada o apercibida de la situación y de las consecuencias que puede tener que la misma no sea corregida, lo que tampoco hizo el foro de instancia en el caso que nos ocupa. *Maldonado v. Srio. de Rec. Naturales, supra,* pág. 498.

## III

Dirigiendo ahora nuestra atención a la situación particular del caso que nos ocupa, evidente nos resulta que el dictamen apelado, presente la situación de emergencia ocasionado por el huracán *"Georges";* las gestiones de diligencia realizadas por la representación legal de la apelante; y ausente proceder constitutivo de abandono, irresponsabilidad o contumacia de la parte contra quien se tomó tal medida drástica, constituye un abuso de discreción por parte del tribunal de instancia que no puede ser avalado por este Foro Apelativo. El expediente demuestra que la actuación de la representación legal de la apelante, una vez informada de la cita médica para el tratamiento al que habría de ser sometida su señora madre, según ya indicado, corresponde al proceder diligente de todo abogado, quien debe respeto y obediencia a las órdenes del tribunal, máxime en las circunstancias prevalecientes en el momento en que se suscita el incidente que dio base a la sentencia desestimatoria aquí apelada. Surge así, que al enterarse la representación legal de la apelante del conflicto que representaba la cita médica para el tratamiento de radioterapia ordenado para su señora madre, intentó someter una moción para solicitar un turno posterior en el calendario del tribunal, lo que no pudo hacer debido a las condiciones existentes en nuestro país producidas por el paso del huracán *"Georges".* No pudiendo preparar el escrito, se comunicó por vía telefónica con la oficina de la Juez, donde se le informó que ningún reparo había a lo por ella solicitado, y

que el caso se vería a las 11:00 A.M. Confiando en que su caso se ventilaría a la nueva hora asignada, compareció puntualmente al tribunal con su representada. Cuando se enteró allí de la sentencia dictada, se comunicó de inmediato para aclarar el incidente, en cuyo momento se le requirió un escrito informativo en el cual debería proveer varias fechas para el nuevo señalamiento, lo que hizo. Luego, al serle notificada la sentencia desestimatoria aquí apelada, con total diligencia presentó una moción de reconsideración, exponiendo nuevamente los fundamentos meritorios antes expuestos, justificativos del relevo de los efectos de la desestimación decretada como sanción. Esta moción fue denegada de plano por inacción.

Al considerar ahora el recurso que nos ocupa y las circunstancias que dieron base a la sentencia apelada a la luz del derecho antes reseñado, evidente resulta que el foro de instancia abusó de su discreción al decretar la desestimación y archivo de la acción instada por la apelante, actuación en la que reincidió al negarse a considerar la moción de reconsideración oportunamente presentada para dejar sin efecto dicha sentencia. Basta con señalar que la desestimación como sanción es procedente sólo en casos en que no hay duda de la crasa falta de diligencia de la parte contra quien se toma la sanción y no median circunstancias en la que ésta sea atenuada, *Banco de la Vivienda v. Carlo Ortiz*, 130 D.P.R. 730, 741 (1992), situación que no está presente en el caso que nos ocupa.

## IV

Por los fundamentos antes expuestos se dicta sentencia revocatoria de la apelada. Así, se ordena y dispone la reinstalación de los procedimientos ante el foro de instancia, quien procederá a señalar nuevamente el caso para vista en su fondo, para adjudicar en su día los méritos y procedencia de la acción instada por la demandante apelante.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General