VICTORIA GUZMÁN MARCANO ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, demandado.

*Número:* O-69-156    *Resuelto:* 3 de marzo de 1970

*Luis F. Castillo, Max Oliveras Mariani* y *José E. Fernández Seín,* abogados de los peticionarios; *Rieckehoff, Calderón* y *Vargas*

& *Arroyo*, abogados de Hugo Velasco Schettini y Union Insurance Society of Canton, Ltd.

PER CURIAM: El peticionario solicita que revoquemos la resolución dictada por el tribunal de instancia el *20 de junio de 1969* declarando sin lugar su moción para que se dejara sin efecto una sentencia de archivo por inactividad bajo la Regla 11 para la Administración del Tribunal de Primera Instancia. Aduce que cuando se dictó la sentencia de archivo el *17 de junio de 1968* el caso estaba listo para la celebración de una vista preliminar primero y luego para la vista en su fondo. *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187 (1965).

Se trata de una demanda de daños y perjuicios radicada por el peticionario contra Félix Meléndez Ríos, R. Velasco Schettini y su aseguradora, Union Insurance Society, con motivo de un accidente automovilístico en el cual perdieron la vida Julián Nieves Guzmán y su hijo Ramón Nieves Flecha. En dicha demanda se alega en los hechos números 2 y 3 que:

"2. A las 7:30 de la noche, del día 18 de junio del 1965, en el kilómetro 61 de la carretera número dos que de Manatí conduce a Arecibo, Julián Nieves Guzmán conducía la guagua Volkswagen, modelo 1962, tablilla C-340-636, Panel Delivery, en compañía de su padre Ramón Nieves Flecha fué impactado dicho vehículo por uno GMC, modelo del 1963, tablilla C-348-209, Panel Delivery conducido por el demandado Félix Meléndez Ríos quien lo conducía a velocidad exagerada abandonando su propio carril de la derecha e invadiendo el carril por el cual transitaba el vehículo conducido por Julián Nieves Guzmán. En dicho accidente fallecieron inmediatamente Julián Nieves Guzmán y Ramón Nieves Flecha. *Al momento del accidente Julián Nieves Guzmán conducía dicho vehículo en gestiones de su empleo como chófer y empleado de Hugo R. Velasco Schettini como Funeraria Scardille.* (Énfasis nuestro.)

3. *El accidente se debió única y exclusivamente a la negligencia y descuido del demandado Féliz Meléndez Ríos quien lo conducía a velocidad exagerada sin el debido cuidado y circuns-*

*pección, abandonando su carril e invadiendo el carril de aquellos que corrían en dirección contraria."* (Énfasis nuestro.)

El codemandado Velasco solicitó que se dictara sentencia sumaria declarando sin lugar la demanda en cuanto a ellos fundándose en que de la propia demanda y de la contestación a un interrogatorio se desprendía que al momento del accidente Julián Nieves conducía el vehículo envuelto en el accidente en gestiones de su empleo como chofer y empleado de Velasco. Se hizo formar parte de dicha moción una decisión del Administrador del Fondo del Seguro del Estado declarando el accidente como uno del trabajo. Los recurridos no radicaron oposición alguna a dicha moción. Se dictó sentencia sumaria parcial el *4 de octubre de 1967* declarando sin lugar la demanda contra Velasco. Dicha sentencia se notificó el *16 de octubre de 1967*.

El 29 de mayo de 1968 el tribunal dictó una orden requiriendo a los demandantes-recurrentes para que dentro del término de 10 días expusieran por escrito las razones por las cuales no debía desestimarse la demanda y archivarse el caso. No habiendo comparecido los recurrentes, a tenor con dicha orden, se dictó sentencia de archivo por inactividad bajo la Regla 11 el *17 de junio de 1968* notificándose la misma el *18 de junio de 1968*. Así las cosas, no es hasta el *16 de septiembre de 1968* que comparecen los demandantes-recurrentes no a pedir la reapertura del caso, sino a solicitar permiso para enmendar la demanda a los únicos efectos de eliminar la reclamación por la muerte de Julián Nieves y alegar negligencia por primera vez contra Velasco por la muerte de Ramón Nieves Flecha.

El *31 de enero de 1969* el tribunal de instancia denegó el permiso para enmendar la demanda basándose en que ésta se había archivado siete meses atrás y sin perjuicio de que los demandantes-recurrentes pudieran reproducir la misma si lograban en el futuro dejar sin efecto dicha sentencia.

Radicaron entonces los demandantes-recurrentes el *5 de marzo de 1969* una moción para que se dejara sin efecto la sentencia de archivo aduciendo que aunque efectivamente habían pasado más de seis meses desde la fecha en que la misma se dictó, ellos entendían que el término prescriptivo quedó interrumpido con la radicación de la moción solicitando permiso para enmendar la demanda y que dicha sentencia privaría a los demandantes-recurrentes de una causa de acción por la muerte de Ramón Nieves Flecha. Se celebró audiencia para escuchar los argumentos de las partes sobre esta moción de reapertura. Finalmente, el pasado *20 de junio* el tribunal de instancia dictó resolución declarando sin lugar la reapertura del caso por haber transcurrido más de seis meses desde que se dictó la sentencia de archivo hasta que se radicó la moción de reapertura y por no estar presente en el caso las excepciones a dicho término de fraude y nulidad. Es ésta la resolución que los peticionarios nos solicitan que revoquemos y que no podemos acceder por las razones que pasaremos a exponer:

1. La Regla 49.2 fija un término fatal de seis meses para la radicación de una moción para dejar sin efecto una sentencia. Véase Regla 68.2. Taxativamente la Regla 49.2 dispone que: "La moción se presentará dentro de un término razonable, pero en *ningún caso después de transcurrido seis meses* de haberse registrado la sentencia . . . ." (Énfasis nuestro.)

Como hemos visto la moción de reapertura se radicó cerca de nueve meses después de haberse notificado la sentencia de archivo.

2. La sentencia de archivo es válida. No es correcto el argumento del peticionario de que el caso estaba listo para juicio y que por lo tanto debió haber sido señalado. Como sabemos, el caso contra el codemandado Velasco fué desestimado mediante una sentencia sumaria parcial dictada hacía más de quince meses atrás. Más aun, la demanda contra Velasco

no aducía hechos contra Velasco pues, según el hecho tercero que reprodujimos al principio, los peticionarios alegaron que el accidente se debió a la *única y exclusiva negligencia del demandado Félix Meléndez Ríos*, y no alegaba negligencia alguna por parte de Velasco. De manera que de la propia faz de la demanda surgía el vicio fatal de falta de hechos. Siendo ello así, el tribunal no podía señalar ni una vista preliminar, ni menos todavía, una vista en su fondo.

La inactividad de los peticionarios en todo el trámite de este caso es claramente inexcusable.

*Se confirmará la resolución recurrida en este caso.*

El Juez Presidente Señor Negrón Fernández, no intervino.