# 95 DTA 3

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VII - REGION JUDICIAL DE
CAROLINA Y FAJARDO**


MARGARET CARRASQUILLO CIRINO,
RAMON MORALES CORREA, por sí y en representación de su hijo menor de edad
RAYMOND MORALES CARRASQUILLO; SYLVIA CIRINO MOLINA Y PEDRO
CARRASQUILLO PIZARRO
Demandantes-Peticionarios

v.

UNIVERSIDAD DE PUERTO RICO, ESTADO
LIBRE ASOCIADO DE PUERTO RICO;
CORPORACIONES A, B Y C; FULANO, ZUTANO Y
MENGANO; ASEGURADORAS D, E, F y G
Demandados-Recurridos

Núm. KLCE-95-00008

San Juan, Puerto Rico, a 6 de febrero de 1995

Panel integrado por su presidenta, Juez López Vilanova y
los Jueces Fiol Matta y Rodríguez Maldonado

Sra. Fiol Matta, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Se recurre de una resolución del Tribunal Superior, Sala de Carolina, emitida en reconsi-

deración de otra que denegó la solicitud de la parte demandante-recurrente para que se cambiara el turno de la prueba pericial que ésta habría de presentar. No se solicitó el aplazamiento de la vista en su fondo que está señalada para los días 7, 8 y 9 de febrero. No obstante, como no se autorizó la citación posterior de su perito y ante la imposibilidad de la comparecencia de éste en los días señalados, la parte peticionaria solicitó la paralización de la mencionada resolución hasta tanto este Tribunal pudiera expresarse respecto a la expedición del Auto de *Certiorari* solicitado. Mediante resolución urgente dictada en la mañana de hoy, ordenamos a la parte recurrida mostrar causa por la cual no debía expedirse el auto solicitado y revocarse la resolución de instancia. Por la urgencia de los procedimientos le concedimos hasta las tres de la tarde (3:00 p.m.) del día de hoy para así hacerlo.

La recurrida Universidad de Puerto Rico compareció en cumplimiento de nuestra resolución urgente. Alega que no ha recibido notificación de la petición de *certiorari*, ni de la moción en auxilio de jurisdicción. No obstante, reconoce la urgencia de las mismas pues expone sus argumentos en oposición a ambas. Es innegable que la petición de *certiorari* reitera lo solicitado en la moción de reconsideración de la parte demandante y que sus argumentos son esencialmente los mismos. No constituyen, por lo tanto, materia nueva ni causan sorpresa alguna a la parte demandada. Por el contrario, ésta argumenta y expone claramente sus fundamentos en oposición a lo solicitado. Sin embargo, sus argumentos no nos convencen y el derecho aplicable y nuestra ineludible obligación de hacer justicia nos llevan a resolver según intimamos en nuestra orden para mostrar causa. Ejercemos nuestra jurisdicción al amparo de la Ley de la Judicatura de Puerto Rico de 1994, Ley de 28 de julio de 1994, la Regla de Transición Núm. 4 del Reglamento del Tribunal de Circuito de Apelaciones y la Regla 47 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III.■

Se trata de una demanda en daños y perjuicios en la cual se alega que los demandados recurridos actuaron negligentemente durante el alumbramiento del niño Raymond Morales Carrasquillo, causándole una lesión cerebral permanente e incapacitante. Los demandados contestaron oportunamente y el 6 de abril de 1994, el tribunal de instancia señaló la vista en su fondo para los días 7, 8 y 9 de febrero de 1995. En el transcurso del procedimiento así iniciado, se celebraron vistas de seguimiento y conferencia con antelación al juicio y se depusieron los testigos periciales anunciados por la parte demandante. Entre estos está el Dr. Theodore R. Struhl. El 18 de enero de 1995, la parte demandante solicitó que se aplazara el testimonio del doctor Struhl para un turno posterior, a partir del día 12 de febrero de 1995, es decir, cuatro días más tarde de las fechas señaladas para la vista en su fondo. Explica en su moción que el doctor Struhl le notificó la imposibilidad de su comparecencia en los días previamente señalados, mediante carta fechada 10 de enero de 1995 y aneja copia de ésta a la moción. La mencionada carta viene acompañada de copia de un programa titulado *"Medicine of Diving"* y explica que el doctor Struhl asistiría a un seminario médico en las fechas para las cuales se señaló el juicio, pero estaría disponible después del 12 de febrero. En su moción, la parte demandante no solicita que se posponga la vista en su fondo, sino que se aplace el testimonio del doctor Struhl.

El 19 de enero de 1995, el tribunal de instancia denegó la moción, *"toda vez que el caso del epígrafe fue señalado para juicio desde el 6 de abril de 1992".* En moción de reconsideración, presentada el 27 de enero de 1995, la parte demandante explica lo siguiente, ante el comentario por la parte demandada, en su oposición al cambio de turno solicitado, en el sentido de que el seminario al cual asistiría el doctor Struhl era un *"seminario de buceo"*:

*"...Dicho seminario es una expedición científica sufragada en parte por el Gobierno de los Estados Unidos de América, o sea, "el Navy" donde, luego se hacen público dichos escritos para beneficio del gobierno federal y el público en general. El doctor Struhl asiste no como un turista interesado en cursos de bucear, sino como médico perito todos los años y científico*

*conocedor de esa rama....*

El Gobierno Federal, además de costear la mitad del costo de esta expedición científica llamado "seminario", también le provee la transportación marítima y aérea a través del Navy, o sea, ida y vuelta por lo que, aunque el doctor quisiera venir y regresar de inmediato luego de su testimonio, éste [sic] no le es factible porque no hay transportación disponible."

Según explicamos anteriormente, el tribunal denegó la reconsideración solicitada el mismo día 27 de enero de 1995. Su resolución fue notificada a las partes el 1 de febrero de 1995. En su petición de *certiorari*, la parte demandante peticionaria señala que al así resolver, el tribunal de instancia cometió dos errores:

*"1. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al menoscabar derechos sustantivos de una parte mediante la aplicación literal e inflexible de una norma procesal, en violación al Artículo V, Sección 6 de la Honorable Constitución de Puerto Rico.*

*2. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al negarle a una parte utilizar en el juicio prueba testifical pericial que no constituye sorpresa de tipo alguno para la demandante recurrida, lo cual es además un abuso de discreción."*

Por la íntima relación entre ambos errores, los demandantes peticionarios los discuten en conjunto. En esencia, exponen que les asiste el derecho a desfilar toda su prueba, siempre que ésta no constituya sorpresa o menoscabe algún derecho de la parte demandada o dilate indebidamente los procedimientos. Específicamente alegan que: *"No existe interés constitucional sustantivo y/o de equidad que en este caso específico pueda estar por encima del derecho del compareciente a presentar prueba".* Petición de *Certiorari*, página 9.

Una vez más estamos ante la *"delicada y difícil situación"* de establecer un balance entre la obligación de los tribunales de primera instancia de velar porque los casos se ventilen sin demora (*Heftler Const. Co. v. Tribunal Superior*, 103 D.P.R. 844 (1975)) y el derecho de toda parte a tener su día en corte. *Echevarría v. Sucn. Pérez Meri*, 123 D.P.R. 664 (1989); *Mercado Del Valle v. Panthers Military Society*, opinión del 2 de enero de 1990, **90 J.T.S. 2;** *Maldonado v. Soltero Harrington*, 113 D.P.R. 494 (1983); *Garriga Gordils v. Maldonado Colón*, 109 D.P.R. 817 (1980). Se contraponen así dos principios fundamentales de nuestro ordenamiento procesal civil: el objetivo de lograr una solución *"rápida y económica"* y el principio de que toda solución judicial debe ser *"justa".* 32 L.P.R.A. Ap. III R. 1. Cuando esto sucede, los tribunales debemos inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones se ventilen en sus méritos, puesto que la razón de ser, no sólo del ordenamiento procesal sino de todo nuestro esquema adjudicativo, es salvaguardar el derecho de toda parte a tener su día en corte. *Maldonado v. Secretario, supra; Arce v. Club Gallístico de San Juan*, 105 D.P.R. 305 (1976); *Ortiz Rivera v. Agostini*, 92 D.P.R. 187 (1965).

Es dentro de este marco normativo que está llamado el tribunal de instancia a ejercer su innegable discreción para dirigir los procedimientos judiciales. Después de todo, ínsita a todo esfuerzo de dar dirección está la existencia de una meta u objetivo. En el proceso adjudicativo dicha meta es la justicia. No puede, pues, ejercerse la discreción para dirigir el proceso judicial en forma contraria al objetivo de hacer justicia.

Por otra parte, por la naturaleza inherentemente abstracta y relativa de la justicia, al menos en el plano humano, sólo podemos aspirar al ejercicio *"razonable"* de la discreción judicial:

*"No resulta fácil precisar cuándo un tribunal de justicia incurre en un abuso de discreción.* ***No tenemos duda, sin embargo, de que el adecuado ejercicio de la discreción***

*judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. Como expresáramos en Sánchez González, ante, discreción "...es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera...".* (Enfasis del Tribunal). *Pueblo v. Ortega Santiago,* **90 J.T.S. 12,** página 7375.

En el caso de autos no se ejerció la discreción judicial de manera razonablemente dirigida a hacer justicia. La solicitud de la parte demandante no requiere aplazar una vista en su fondo señalada con mucha antelación, sino alterar el orden de la prueba y señalar un día de vista adicional. No hay implícitas en la petición, ni en su argumentación, falta crasa de diligencia, desobediencia a órdenes del tribunal, ni ofensa a su autoridad. Sin embargo, la resolución del tribunal denegando lo solicitado impedirá a la parte no sólo presentar prueba que no constituye sorpresa alguna a los demandados, sino prueba esencial para la presentación de su caso. El testimonio pericial de la parte demandante consiste de un perito economista, un perito sicólogo y el doctor Struhl, como perito médico. Su demanda está basada en negligencia médica y el efecto de ésta sobre el niño Raymond Morales Carrasquillo. El testimonio del doctor Struhl, conocido por la parte demandada a través de su informe y deposición, es obviamente de vital importancia para la parte demandante.

Por los fundamentos anteriormente expuestos, se expide el auto y se revoca la resolución recurrida. El tribunal de instancia continuará los procedimientos y proveerá conforme a lo aquí resuelto.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIO 95 DTA 3

**1.** La Ley de la Judicatura de Puerto Rico de 1994 dispone en su artículo 4.002(c) que el Tribunal de Circuito de Apelaciones tendrá competencia para conocer:

*"Mediante auto de Certiorari expedido a su discreción, de cualquier otra resolución, u orden o providencia judicial de naturaleza interlocutoria dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición para evitar un fracaso de la justicia o que pueda privarse al recurrente de la revisión justa e imparcial a la que tiene derecho por ley".*

Por su parte, el Reglamento del Tribunal de Circuito de Apelaciones, adoptado por el Tribunal Supremo a tenor con el Artículo 4.001 de la mencionada ley, dispone unas reglas para el ejercicio de esta competencia durante el período de transición inmediatamente posterior a la aprobación de la ley. Específicamente, la regla 4 de transición dispone lo siguiente:

*"(a) Toda decisión dictada o emitida por un tribunal con anterioridad a la vigencia de la Ley de la Judicatura de 1994, cuyo término para recurrir en alzada haya comenzado a decursar con anterioridad a la vigencia de dicha Ley **y no haya sido interrumpido,** se continuará tramitando bajo la Ley vigente al momento en que comenzó a decursar el término para recurrir en alzada.*

*(b) Este reglamento será de aplicación a toda decisión, dictada o emitida por un tribunal, con anterioridad a la vigencia de la Ley de la Judicatura de 1994, cuyo término para recurrir en alzada, comience a decursar con posterioridad a la vigencia de dicha ley"."* Enfasis suplido.

Habiéndose interrumpido el término para recurrir en alzada al acoger el tribunal de instancia la moción de reconsideración (32 L.P.R.A Ap. III R. 47), este comenzó a decursar con posterioridad a la vigencia de la Ley de