Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ÁNGEL DAVID MORALES VALLELLANES Y OTROS<br><br>Peticionarios<br><br>V.<br><br>GABRIELA LÓPEZ ROSA<br><br>Recurrida | KLCE202401002 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2023CV08614<br><br>Sobre:<br>Certiorari Interlocutorio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, Juez Marrero Guerrero y Juez Campos Pérez.

Marrero Guerrero, Juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparecen el señor Ángel David Morales Vallellanes y la señora Verónica Inés Góez Lozano (matrimonio Morales-Góez o parte peticionaria) y nos solicitan que revoquemos una *Orden de Calendarización* emitida el 23 de julio de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o Foro Primario).[1] Por virtud de la referida *Orden,* el TPI estableció el calendario para el manejo del caso incoado por la parte peticionaria en contra de la señora Gabriela López Rosa (señora López Rosa o parte recurrida).

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), prescindiremos de la comparecencia de la parte recurrida con el propósito de lograr el más justo y eficiente despacho de asunto ante nuestra consideración.

Tras evaluar el expediente del caso, se adelanta la denegatoria a la expedición del auto de *certiorari* solicitado por el matrimonio Morales-Góez.

---

[1] Apéndice de *Petición de Certiorari,* Anejo IV, págs. 18-20. Archivada y notificada el 23 de julio de 2024.

**I.**

El caso ante nuestra consideración tiene su origen en una demanda presentada el 12 de septiembre de 2023 por el matrimonio Morales-Góez en contra de la señora López Rosa por difamación y daños y perjuicios.[2]

Tras varios trámites procesales, el 21 de febrero de 2024, el TPI emitió una *Orden de calendarización,* en la que precisó las fechas para descubrir prueba, finalizar dicha etapa de descubrimiento de la prueba, presentar el *Informe de Conferencia con Antelación a Juicio* y celebrar dicha conferencia.[3] A tenor con la referida *Orden*, la etapa de descubrimiento de prueba de este caso finalizaba el 8 de julio de 2024.

El 24 de mayo de 2024, la parte peticionaria presentó una *Urgente moción informativa y solicitud de orden*.[4] En esta, solicitó trasladar las fechas para la toma de deposición a un periodo posterior al pautado en la *Orden de calendarización* del 21 de febrero de 2024, dada la dilación de la señora López Rosa en contestar el interrogatorio y producir documentos. En igual fecha, el TPI emitió y notificó una *Orden* en la que concedió el petitorio del matrimonio Morales-Góez.[5]

El 31 de mayo de 2023, el Foro Primario emitió y notificó una *Orden* en la que le concedió diez (10) días a la parte recurrida para contestar el primer pliego de interrogatorios y la producción de documentos, más le advirtió que estaría expuesta a sanciones severas de incumplir nuevamente con la etapa de descubrimiento de prueba.[6]

Posteriormente, el 6 de junio de 2024, la representación legal de la señora López Rosa presentó una *Moción urgente solicitando relevo de representación*.[7] En esta, solicitó la renuncia de la

---

[2] Entrada Núm. 1 del expediente digital del caso SJ2023CV08614 en SUMAC.
[3] Apéndice de *Petición de Certiorari*, Anejo X, págs. 33-36.
[4] Entrada Núm. 80 en SUMAC.
[5] Entrada Núm. 81 en SUMAC.
[6] Entrada Núm. 82 en SUMAC.
[7] Apéndice de *Petición de Certiorari*, Anejo IX, pág. 32.

representación legal, toda vez que existían diferencias irreconciliables con su cliente. Además, peticionó que se prorrogara cualquier término y se le concediera a la parte recurrida treinta (30) días para notificar su nueva representación legal.

El 7 de junio de 2024, el TPI emitió y notificó una *Orden* en la que aceptó la renuncia de la representación legal de la señora López Rosa y le concedió a dicha parte hasta el 5 de julio de 2024 para anunciar su nueva representación legal.[8] El Foro Primario consignó que, una vez anunciada la nueva representación legal, se le concedería un término para cumplir con lo ordenado el 24 de mayo de 2024, relacionado a la toma de deposición.

En cumplimiento con lo anterior, el 5 de julio de 2024, la parte recurrida presentó una *Moción asumiendo representación legal*.[9] En respuesta a lo anterior, el 8 de julio de 2024, el Foro Primario emitió una *Orden* en la que le concedió a la señora López Rosa un término de diez (10) días para contestar el primer pliego de interrogatorios y producir los documentos.[10]

El 12 de julio de 2024, la señora López Rosa presentó una *Moción informativa sobre representación legal deficiente y en solicitud de remedio*, en la que solicitó al TPI reconsiderar su determinación de dar por admitidas las aseveraciones del requerimiento de admisiones.[11] La parte recurrente alegó justa causa para su incumplimiento por una deficiente representación legal, dado que quien la representaba le omitió información sobre los términos. En igual fecha, dicha parte presentó una moción a los fines de que el TPI expida una *Orden de Producción de Documentos* a su patrono.[12]

El 17 de julio de 2024, el matrimonio Morales-Góez presentó una *Moción en reconsideración y/u oposición al descubrimiento de*

---

[8] *Íd.*, Anejo VIII, pág. 31.
[9] *Íd.*, Anejo VII, pág. 30.
[10] *Íd.*, Anejo VI, pág. 29.
[11] Entrada Núm. 90 en SUMAC.
[12] Entrada Núm. 89 en SUMAC.

*prueba cursada por la parte demandada Gabriela López Rosa.*[13] En esta, expresó su oposición al descubrimiento de prueba solicitado por la parte recurrida en contravención con la *Orden de calendarización* del 21 de febrero de 2024, ya que habían transcurrido diez (10) meses desde el comienzo del caso y el tercer cambio de representación legal de la señora López Rosa.

Tras varios trámites procesales, incluyendo la celebración de una conferencia sobre el estado de los procedimientos, el 23 de julio de 2024, el TPI emitió una nueva *Orden de calendarización* con la actualización de las fechas para descubrir prueba, finalizar la etapa de descubrimiento de la prueba, presentar el *Informe de conferencia con antelación a juicio* y celebrar dicha conferencia.[14] En la misma, el Foro Primario extendió el periodo de descubrimiento de prueba hasta el 8 de octubre de 2024.

El 7 de agosto de 2024, la parte peticionaria presentó una *Moción de reconsideración,* en la que le solicitó al TPI dejar sin efecto la *Orden de calendarización* del 23 de julio de 2024, por contravenir los términos dispuestos con la orden del 21 de febrero de 2024 que, alegó que constituyó la ley del caso.[15] El 15 de agosto de 2024, la señora López Rosa presentó su oposición, alegando que la conducta del matrimonio Morales-Góez en cumplir con la *Orden de calendarización* del 23 de julio de 2024 generó confianza en que se superaron las controversias en torno al descubrimiento de prueba.[16] Ante ello, el 20 de agosto de 2023, la parte peticionaria replicó a la oposición de la señora López Rosa en la que reiteró su solicitud de dejar sin efecto la nueva orden de calendarización por el incumplimiento de la parte recurrida.[17]

---

[13] Apéndice de *Petición de Certiorari,* Anejo V, págs. 21-28.
[14] *Íd.,* Anejo IV, págs. 18-20.
[15] Entrada Núm. 109 en SUMAC.
[16] Apéndice de *Petición de Certiorari,* Anejo III, págs. 9-17.
[17] *Íd.,* Anejo II, págs. 2-8.

Sometido el asunto ante su consideración, el 27 de agosto de 2024, el TPI emitió y notificó una *Resolución* en la que declaró No Ha Lugar a la solicitud de reconsideración de la parte peticionaria.[18]

Inconforme, el matrimonio Morales-Góez presentó una petición de *certiorari* ante este Tribunal, en la que planteó que señaló que el Foro Primario cometió los siguientes errores:

> **PRIMER ERROR:** EL TPI INCURRIÓ EN ERROR AL REABRIR EL DESCUBRIMIENTO DE PRUEBA AL EMITIR UNA SEGUNDA ORDEN DE CALENDARIZACIÓN A TALES EFECTOS EN ABIERTA VIOLACIÓN A LAS DISPOSICIONES DE LA REGLA 37 DE LAS DE PROCEDIMIENTO CIVIL SOBRE EL "MANEJO DEL CASO".
>
> **SEGUNDO ERROR:** EL TPI INCURRIÓ EN UN ABUSO DE DISCRECIÓN AL REABRIR EL DESCUBRIMIENTO DE PRUEBA CON POSTERIORIDAD AL VENCIMIENTO DEL MISMO SEGÚN FUERA PREVIAMENTE FIJADO EN LA ORDEN DE CALENDARIZACIÓN NOTIFICADA EL 21 DE FEBRERO DE 2024 LA CUAL ES FINAL Y FIRME SIENDO LA LEY DEL CASO.
>
> **TERCER ERROR:** EL TPI ERRÓ INCURRIENDO EN UN ABUSO DE DISCRECIÓN AL ORDENAR EL INICIO Y/O REAPERTURA DE LA ETAPA DE DESCUBRIMIENTO DE PRUEBA TRANSCURRIDOS 315 DÍAS DESDE LA PRESENTACIÓN DE LA DEMANDA.

En atención a los errores planteados por la parte peticionaria, procedemos a exponer la normativa jurídica atinente a este recurso

## II.

### A. *Certiorari*

El *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía poder revisar determinaciones de un tribunal inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016). En esencia, es un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por un foro inferior. Distinto al recurso de apelación, el tribunal tiene la facultad para expedir el recurso de manera discrecional por, de ordinario, tratarse de asuntos interlocutorios.

---

[18] *Íd.,* Anejo I, pág. 1.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente las instancias en las que el Tribunal de Apelaciones posee autoridad para expedir el auto de *certiorari* sobre un asunto interlocutorio civil. *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). A saber, si el asunto interlocutorio planteado ante este Tribunal no se encuentra dentro de las instancias que el ordenamiento jurídico nos otorga autoridad para intervenir, no podremos atender la controversia. El referido artículo dispone que este foro apelativo intermedio solamente expedirá un recurso de certiorari relacionado a una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o de la denegación de una moción de carácter dispositivo. Véase Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. A su vez, a modo de excepción, este tribunal puede revisar revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

El propósito de esta regla es evitar la dilación que causaría la revisión judicial de las controversias que podrían ser planteadas en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra*, pág. 486. El Tribunal Supremo ha expresado que, al atender un auto de *certiorari* se descansa en la premisa de que el foro primario es quien está en mejor posición de resolver controversias interlocutorias. Parte del análisis comprendido al momento de decidir si se debe expedir el *certiorari* es no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en el TPI. En adición, "el hecho de que un asunto

esté comprendido dentro de las materias susceptibles a revisión no justifica la expedición del auto sin más". *Medina Nazario v. McNeill Healthcare LLC, supra.*

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos considerar en el ejercicio de la facultad discrecional al momento de atender una petición de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

### B. Manejo del caso

El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos, requieren que los jueces y las juezas del Tribunal de Primera Instancia gocen de gran flexibilidad y discreción para lidiar con el manejo del caso. *BRRP v. SLG Gómez López,* 2023 TSPR 145. *In re Collazo I,* 159 DPR 141, 150 (2003). A saber, el Foro Primario posee autoridad suficiente para conducir los asuntos litigiosos en la forma que su buen juicio les indique. *Íd., Ortiz Rivera v. Agostini,* 92 DPR 187,193-194 (1965). En tal sentido, la Regla 37 de Procedimiento Civil, *supra*, R. 37, rige lo concerniente al manejo del caso con el objetivo de controlar los procedimientos y darle mayor fluidez al movimiento del caso. Esto, sin que sea necesario la intervención de un foro apelativo. *In re Collazo I, supra*, pág. 151. Sobre el respecto, el máximo foro judicial resolvió que:

> **La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar**

**el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia.** Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. *Mejías Montalvo v. Carrasquillo Martínez*, 185 DPR 288, 306-307 (2012)(Énfasis nuestro).

Como parte de su discrecionalidad en el manejo del caso, los tribunales de instancia poseen amplia discreción para regular el ámbito del descubrimiento de prueba, con el fin de que se garantice una solución justa, rápida y económica del caso. *Rivera et al., v. Arcos Dorados et al., supra*, pág. 203; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022). "El término límite para utilizar los medios de descubrimiento de prueba se determinará en la orden de calendarización que el juez tenga a bien adoptar conforme con la complejidad de las controversias y la cantidad de partes involucradas en el pleito". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, 2017, Ed. LexisNexis, San Juan, Puerto Rico, 335. La orden de calendarización, regida por la Regla 37.3 de Procedimiento Civil, *supra*, R. 37.3, "es el mandato emitido o adoptado por el juez que gobierna los trámites e instancias procesales del caso". *Íd.*, pág. 384. Mediante la orden de calendarización se permite la intervención temprana del tribunal para establecer de manera clara el calendario de todos los eventos procesales hasta la fecha de la celebración del juicio. *Íd.*; *Rivera et al., v. Arcos Dorados et al., supra*, pág. 204. Importante es que, los términos y los señalamientos fijados en la orden de calendarización del caso son de estricto cumplimiento, sujeto a la imposición de sanciones por incumplir con el manejo del caso. *Íd.*, pág. 205; véase Regla 37.3 de Procedimiento Civil, *supra*, R. 37.3.

### III.

En sus tres (3) señalamientos de error, el matrimonio Morales-Góez plantea que el Foro Primario erró al emitir una segunda *Orden de Calendarización* que permitió la continuación del descubrimiento

de prueba que, de otro modo, hubiese culminado. A saber, la parte peticionaria nos instó a revisar un asunto interlocutorio relacionado con el manejo del caso.

Tras un análisis objetivo, sereno y cuidadoso de la petición de *certiorari*, a la luz de los criterios expuestos en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, determinamos que debemos abstenernos de ejercer nuestra función revisora en este caso. Es norma reiterada que este Tribunal le debe otorgar deferencia al juicio y a la discreción del TPI en el manejo de los asuntos ante su consideración. En este asunto, no divisamos error o abuso de derecho en el manejo del caso por el TPI. Al contrario, encontramos que la determinación recurrida es correcta en derecho, basada en la amplia discrecionalidad que posee el Foro Primario para regular el ámbito del descubrimiento de prueba, con el fin de garantizar una solución justa del pleito. Debido a que no consideramos necesario intervenir en el manejo del caso delimitado por el TPI, declinamos la invitación del peticionario a intervenir con lo actuado por dicho foro. La parte peticionaria no nos persuadió de que se hubiese cometido error alguno, mucho menos uno que justifique nuestra intervención en esta etapa de los procedimientos.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones