Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GLENN SWANSON T/C/C GLENN DANILO WANSON  Peticionario  V.  CARIBBEAN HEMP FARMS, LLC.  Recurrida | KLCE202500365 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Caso Núm.: SJ2023CV04082  Sobre: Despido injustificado (Ley Núm. 80) y otros |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Comparece el señor Glenn Danilo Swanson (señor Swanson o peticionario) y nos solicita revisar una *Orden* emitida el 7 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En el referido dictamen, el TPI declaró No Ha Lugar a la solicitud del señor Swanson de anotar la rebeldía a Caribbean Hemp Farms, LLC (CHF o recurrida) y a la solicitud de reconsideración al otorgamiento de veinte (20) días para que la recurrida fijara su posición respecto a la anotación de rebeldía o contestara la *Querella*.

Por los fundamentos que se exponen a continuación, se adelanta la denegación de la expedición del auto de *certiorari*.

### I.

Este caso se originó el 4 de mayo de 2023, cuando el señor Swanson presentó una *Querella* contra CHF y FM Technology Group

---

[1] Apéndice de *Certiorari*, Anejo 24, págs. 175-176. Archivada y notificada el 10 de marzo de 2025.

(FM) por despido injustificado y represalias mediante el procedimiento sumario de reclamaciones laborales.[2]

El 19 de diciembre de 2023, el TPI emitió una *Orden* en la que autorizó el cambio al procedimiento ordinario.[3] Tras varios trámites procesales que resulta innecesario pormenorizar aquí, el 12 de abril de 2024, dicho Foro emitió una *Sentencia* en la que desestimó la *Querella* al resolver que CHF no incurrió en violación al despedir al peticionario dentro del periodo probatorio de doce (12) meses por ser un empleado ejecutivo.[4]

No obstante, el 10 de octubre de 2024, esta Curia apelativa emitió una *Sentencia* en la que revocó el dictamen apelado y devolvió el caso para que el Foro Primario celebrara un juicio plenario.[5]

El 19 de febrero de 2025, el peticionario presentó una *Solicitud de anotación de rebeldía y para que se dicte sentencia en rebeldía contra Caribbean Hemp Farms, L.L.C.*[6] En lo concerniente, solicitó anotar la rebeldía a CHF, toda vez que el *Mandato* de esta Curia se notificó el 6 de febrero de 2025 y el recurrido no contestó la *Querella* dentro de los días (10) días que disponía. Asimismo, solicitó el pago de honorarios de abogados por temeridad, al aducir que el recurrido dilató los procedimientos injustificadamente.

En igual fecha, CHF solicitó una prórroga de treinta (30) días para contestar la *Querella*.[7] La abogada del recurrido informó que se acababa de someter a una cirugía de emergencia, pero enfatizó que su cliente demostró su intención de defenderse.

---

[2] *Íd.*, Anejo 1, págs. 1-17.
[3] *Íd.*, Anejo 2, pág. 18. Archivada y notificada el 20 de diciembre de 2023.
[4] *Íd.*, Anejo 7, págs. 84-88. Archivada y notificada el 15 de abril de 2024.
[5] *Íd.*, Anejo 14, págs. 112-139. Archivada y notificada el 11 de octubre de 2024.
[6] *Íd.*, Anejo 16, págs. 142-150.
[7] *Íd.*, Anejo 17, pág. 151.

Acto seguido, el TPI emitió sendas *Órdenes* en las que le concedió a CHF un término de veinte (20) días para fijar su posición en torno a la anotación de rebeldía y/o contestar la *Querella*.[8]

Al siguiente día, el señor Swanson se opuso a la solicitud de prórroga de CHF.[9] Entre otros, alegó que el percance de salud de la abogada del recurrido no justificó la prórroga solicitada, ya que no se evidenció debidamente, no se explicó cómo la situación afectó su capacidad para contestar la *Querella* y se presentó fuera de término.

El mismo día, el TPI emitió una *Orden* en la que declaró No Ha Lugar a la oposición del señor Swanson a la solicitud de prórroga.[10]

Tiempo después, el 6 de marzo de 2025, el señor Swanson presentó una *Solicitud de orden aclaratoria*.[11] En esta, peticionó que el TPI aclarara si declaró No Ha Lugar a su solicitud de anotar la rebeldía a CHF, puesto que se convertiría en académica si se acepta la contestación a la *Querella*.

En igual fecha, el peticionario presentó una *Solicitud de reconsideración a orden concediendo prórroga a Caribbean Hemp Farms, L.L.C. para contestar la querella*.[12] En síntesis, esgrimió que el TPI carecía de discreción para conceder la prórroga solicitada por CHF, ya que dicha parte no acreditó justa causa para incumplir con el término de cumplimiento estricto para contestar la *Querella*.

Al próximo día, el Foro Primario emitió una *Orden* en la que denegó la solicitud de anotación de rebeldía del peticionario y a su petición de reconsideración.[13]

Inconforme, el 9 de abril de 2025, el señor Swanson presentó este recurso en el que planteó que el TPI cometió el siguiente error:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR A LA SOLICITUD DE [...] REBELDÍA Y SENTENCIA DEL SR. SWANSON Y

---

[8] *Íd.*, Anejo 19, págs. 157-158; Anejo 20, pág. 159. Archivadas y notificadas el 20 de febrero de 2025.

[9] *Íd.*, Anejo 18, págs. 152-156.

[10] *Íd.*, Anejo 21, págs. 160-161. Archivada y notificada el 20 de febrero de 2025.

[11] *Íd.*, Anejo 22, págs. 162-166.

[12] *Íd.*, Anejo 23, págs. 167-174.

[13] *Íd.*, Anejo 24, págs. 175-176. Archivada y notificada el 30 de marzo de 2024.

CONCEDERLE UN TÉRMINO A CHF PARA PRESENTAR SU CONTESTACIÓN A LA QUERELLA CUANDO:

1. CHF PRESENTÓ SU SOLICITUD DE PRÓRROGA LUEGO DE VENCIDO EL TÉRMINO APLICABLE PARA LA PRESENTACIÓN DE SU CONTESTACIÓN A LA QUERELLA; Y

2. CHF NO OFRECIÓ UNA EXPLICACIÓN CONCRETA Y PARTICULAR POR LA CUAL NO PRESENTÓ SU SOLICITUD DE PRÓRROGA SINO HASTA DESPUÉS DE VENCIDO EL TÉRMINO PARA LA PRESENTACIÓN DE SU CONTESTACIÓN A LA QUERELLA.

En esencia, el peticionario arguyó que, tras este Tribunal notificar su *Mandato* el 6 de febrero de 2025, CHF tenía hasta el 18 de febrero de 2025 para contestar la *Querella*, conforme a la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1. Al incumplirse lo anterior, adujo que procedía anotar la rebeldía al recurrido debido a su dilación injustificada. A su vez, sostuvo que el TPI carecía de discreción para conceder una prórroga a CHF, ya que no acreditó justa causa para incumplir con el término para contestar la *Querella*. Por ello, nos peticionó concluir que el TPI erró al denegar su solicitud de anotación de rebeldía o instruir al Foro Primario que le requiriera al recurrido explicar detalladamente la razón de su incumplimiento.

Por su parte, CHF arguyó que disponía de treinta (30) días para contestar la *Querella*, en vez de diez (10) días, puesto que el TPI declaró Con Lugar su solicitud de desestimación. De otra parte, indicó que el estado de salud crítico de un abogado constituía una situación de fuerza mayor que no requería formalismos excesivos. Enfatizó que no se trató de un incumplimiento extenso ni malicioso ni provocó un perjuicio real al señor Swanson. Al contrario, puntualizó que dictar sentencia en rebeldía violaría su debido proceso de ley. Además, planteó que el TPI tenía amplia discreción en la gestión de los asuntos procesales, incluyendo los términos.

En atención al error señalado, procedemos a exponer la normativa jurídica aplicable a este recurso.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones de un tribunal inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, este Foro apelativo posee la facultad discrecional de expedir o denegar el auto de *certiorari. Torres González v. Zaragoza Meléndez, supra,* pág. 847.

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, dispone taxativamente las instancias en las que este Tribunal de Apelaciones posee autoridad para expedir el auto de *certiorari* sobre un asunto interlocutorio civil. *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). En particular, dispone que este Tribunal sólo expedirá un recurso de *certiorari* relacionado a una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, *supra,* R. 56 y 57 o a la denegación de una moción de carácter dispositivo.

A su vez, a modo de excepción, este Foro puede revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la que esperar a la apelación constituye un fracaso irremediable de la justicia. *Íd.* Ahora bien, el hecho de que un asunto sea susceptible de revisión no justifica la expedición del auto sin más. *Medina Nazario v. McNeill Healthcare LLC, supra.*

Por otro lado, la Regla 40 del *Reglamento del Tribunal de Apelaciones*, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos considerar al atender una petición de *certiorari*. A saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

### B. Manejo de caso

El efectivo funcionamiento del sistema judicial y la eficiente disposición de los asuntos litigiosos requieren que el Tribunal de Primera Instancia goce de gran discreción en el manejo del caso para lograr su resolución de la forma más justa, rápida y económica. *BRRP v. SLG Gómez López*, 213 DPR 314 (2023); *In re Collazo I*, 159 DPR 141, 150 (2003). A saber, el Foro Primario posee autoridad suficiente para conducir los asuntos litigiosos en la forma que su buen juicio le indique. *Íd.*, *Ortiz Rivera v. Agostini*, 92 DPR 187, 193-194 (1965). En tal ejercicio, cuando una parte perjudique los procedimientos, el tribunal posee amplia discreción de castigar este tipo de conducta mediante la imposición de sanciones como dar los hechos por admitidos y dictar sentencia en rebeldía. *Rivera Rivera v. Insular Wire Products*, 140 DPR 912, 921 (1996). Empero, estas sanciones no se pueden conceder por el mero hecho de que una parte las solicitó. *Íd.*

En tal sentido, la Regla 37 de Procedimiento Civil, *supra,* R. 37, rige lo concerniente al manejo del caso, sin que un foro apelativo requiera intervenir. *In re Collazo I, supra,* pág. 151. Pues, el tribunal de instancias es el foro que mejor conoce las particularidades del caso y está en mejor posición para tomar medidas que permitan trazar el curso del caso hasta su disposición final. *Mejías Montalvo v. Carrasquillo Martínez,* 185 DPR 288, 306-307 (2012).

Respecto a cuándo se presentan las defensas y objeciones, este asunto está reglamentado por la Regla 10.1 de Procedimiento Civil, *supra,* R. 10.1, donde se establecen los términos con los que cuenta una parte demandada para presentar su contestación a la demanda. Sin embargo, en esa misma disposición se alteran los términos prescritos para dicho fin cuando el tribunal ha denegado una moción de las permitidas en la propia Regla 10, entre las cuales se encuentra la moción de desestimación contemplada en la Regla 10.2 de Procedimiento Civil. En lo pertinente, la Regla 10.1 dispone que si el tribunal deniega este tipo de moción, la alegación correspondiente deberá ser presentada dentro de los diez (10) días siguientes a la notificación de la orden del tribunal.

Esbozada la normativa jurídica, procedemos a aplicarla a los hechos que nos conciernen.

**III.**

El señor Swanson nos peticionó intervenir en varios asuntos interlocutorios relacionados con el manejo del presente caso, concernientes a la concesión de una prórroga de un término de cumplimiento estricto y la denegatoria de una solicitud de anotación de rebeldía.

Tras una evaluación sosegada del expediente ante nos, en atención a los criterios expuestos en la Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1 y la Regla 40 del Reglamento de este Tribunal, *supra,* R. 40, concluimos que debemos abstenernos de ejercer

nuestra función revisora en este caso. Tal como se dispuso en la parte expositiva, este Foro apelativo no debe intervenir en la gestión de los asuntos procesales para los cuales el TPI posee amplia discreción con el objetivo de proveer una resolución rápida, justa y económica del pleito que tiene ante sí.   Al llegar a esta conclusión, resulta decisivo el hecho de que el presente caso fue convertido al trámite ordinario, lo que concede, como se ha expresado, amplia discreción al foro primario sobre el manejo del mismo en comparación a la que tendría de haberse mantenido bajo el procedimiento sumario laboral provisto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 31 LPRA sec. 311 y siguientes.

A lo anterior añadimos que la propuesta de la parte peticionaria de que se la anote la rebeldía a la parte recurrida parece implicar una aplicación en extremo rigurosa de lo dispuesto en la Regla 10.1 de Procedimiento Civil, obviando el hecho de que en este caso la parte recurrida prevaleció en su solicitud inicial de desestimación, y la solicitud de tiempo para presentar su contestación solo se presentó un día posterior a los 10 días contados a partir del recibo del mandato de este Tribunal en el recurso mediante la cual se revocó la determinación desestimatoria.

En fin, que no divisamos que la determinación recurrida de proveer a CHF un término razonable para que presente una alegación responsiva y tenga su día en corte sea contraria a derecho. El peticionario no nos demostró que el dictamen recurrido le cause un perjuicio o una dilación indeseable en la solución final de este litigio. Por ello, no se justifica nuestra intervención en esta etapa de los procedimientos.

En virtud de lo anterior, declinamos la invitación del señor Swanson en intervenir con la determinación del Foro Primario.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones