Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-70

| DEBORAH RIVERA VELÁZQUEZ Y OTROS<br><br>Peticionarios<br><br>V.<br><br>SCI PUERTO RICO I, Y OTROS<br><br>Recurridos | TA2025CE00917 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2021CV02252<br><br>Sobre: Injunction (Entredicho Provisional), Injunction Preliminar y Permanente |
|---|---|---|

Panel integrado por su presidenta; la Juez Domínguez Irizarry, la Juez Lebrón Nieves y la Juez Rivera Marchand

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de enero de 2026.

El 17 de diciembre de 2025, compareció ante este Tribunal de apelaciones la señora Deborah Rivera Velázquez (en adelante, señora Rivera Velázquez o parte peticionaria), mediante *Recurso de Certiorari*. En su recurso, nos solicita que revisemos la *Resolución* emitida y notificada el 6 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Carolina.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

### I

Tal y como esbozamos en nuestra *Resolución* del 28 de marzo de 2025[1], el caso de marras tuvo su génesis en una *Demanda Enmendada* sobre daños y perjuicios, presentada por la señora Rivera Velázquez y otros, en contra de Empresas Steward-Cementerios, SCI Puerto Rico I, Dignity Memorial, Cementerio La

---

[1] Adoptamos por referencia el trámite procesal esbozado en el aludido dictamen.

Resurrección, la señora Daris Verdecía y su esposo Fulano de Tal, el señor Carlos Torres y su esposa Fulana de Tal, y Aseguradora X (en conjunto, parte recurrida). En esencia, la parte peticionaria sostuvo que, la señora Dorcas Velázquez Ayala (en adelante, señora Velázquez Ayala), había suscrito con la parte recurrida un contrato de venta al por mayor a plazos de un panteón ubicado en el Cementerio la Resurrección. Según se desprende de la demanda, dentro del contrato, se había estipulado que existían dos (2) espacios disponibles para enterramiento. El 25 de agosto de 2021, la señora Velázquez Ayala falleció. La parte peticionaria adujo que, acudió al Cementerio La Resurrección para solicitar los servicios de enterramiento de la señora Velázquez Ayala, pero que, le notificaron que no estaba autorizada a hacerlo y que quien debía solicitarlo era el señor Neddie O. Rivera Carcaña (en adelante, señor Rivera Carcaña), codueño de la propiedad. Mencionó que, le notificó a la empleada que la atendió que el señor Rivera Carcaña se encontraba incapacitado para hacerlo. Por lo anterior, la empleada le sugirió que realizara una declaración jurada donde el señor Rivera Carcaña le autorizara a llevar a cabo las gestiones. Ante varios intentos infructuosos de diálogo con el cementerio para que le permitiera a la señora Rivera Velázquez realizar las gestiones, esta acudió al foro primario, donde se emitió un *Injunction Preliminar* contra la parte recurrida para autorizar a la señora Rivera Velázquez a realizar los trámites pertinentes. Asimismo, sostuvo que, el panteón, de acuerdo el contrato, contaba con seis (6) espacios, pero que, habían sepultado el cuerpo de la señora Velázquez Ayala de forma que no quedara el sexto espacio disponible. Añadió que, en una visita al Cementerio pudo observar que habían incumplido con el mantenimiento debido a que no mantenían los lotes conforme a lo establecido en el contrato.

En su petitorio, la parte peticionaria argumentó que, hubo incumplimiento de contrato por la parte recurrida. Asimismo, reclamó una partida por daños y perjuicios como consecuencia del alegado incumplimiento de contrato.

En lo pertinente al recurso que nos ocupa, transcurridas varias incidencias procesales, innecesarias pormenorizar, el 6 de octubre de 2023, el foro *a quo* emitió y notificó la Resolución recurrida, que en adelante citamos:

> EL TRIBUNAL DECLARA HA LUGAR LA OBJECIÓN QUE PRESENTÓ LA PARTE DEMANDADA EL 15 DE SEPTIEMBRE DE 2023 (ENTRADA 116 EN SUMAC), EN CONSECUENCIA, **NO ADMITIRÁ** LA PRUEBA QUE LA PARTE DEMANDANTE PRODUJO A LA PARTE DEMANDADA EL 8 DE SEPTIEMBRE DE 2023 POR CORREO ELECTRÓNICO.
>
> LA PARTE DEMANDADA EN SU MOCIÓN DE 5 DE OCTUBRE DE 2023 NO DEMOSTRÓ HABER SIDO DILIGENTE EN CONSEGUIR LA PRUEBA PRODUCIDA TARDÍAMENTE EL 8 DE SEPTIEMBRE DE ESTE AÑO (FUERA DEL TÉRMINO FIJADO POR EL TRIBUNAL PARA COMPLETAR EL DESCUBRIMIENTO DE PRUEBA) NI ESTABLECIÓ QUE DICHA TARDANZA SE DEBIÓ A RAZONES ATRIBUIBLES A TERCEROS O FUERA DE SU CONTROL. AL EXAMINAR LA PRUEBA EN CONTROVERSIA, EL TRIBUNAL CONCLUYÓ QUE ESTA ERA FÁCIL DE OBTENER, MÁS AÚN SI OBSERVAMOS QUE GRAN PARTE DE LA PRUEBA ANUNCIADA ESTABA DISPONIBLE DIGITALMENTE Y SE PODÍA OBTENER ELECTRÓNICAMENTE SIN MAYORES ESFUERZOS Y QUE LA PARTE DEMANDANTE CONOCÍA HACE MÁS DE UN AÑO LA IDENTIDAD DE LOS TESTIGOS ANUNCIADOS EL 8 DE SEPTIEMBRE DE 2023. POR OTRA PARTE, LA PARTE DEMANDANTE TAMPOCO LOGRÓ CONVENCER AL TRIBUNAL DE LA PERTINENCIA DE LA PRUEBA EN CONTROVERSIA NI DE LOS PERJUICIOS QUE SUFRIRÁ SI NO SE ADMITE.
>
> POR ÚLTIMO, DESTACAMOS QUE EL TRIBUNAL DE APELACIONES NUNCA TUVO ANTE SÍ CONTROVERSIAS RELACIONADAS CON EL DESCUBRIMIENTO DE PRUEBA, POR LO QUE DE CONFORMIDAD CON LA REGLA 52.3 DE PROCEDIMIENTO CIVIL EL DESCUBRIMIENTO DE PRUEBA NUNCA ESTUVO PARALIZADO.

En desacuerdo con lo dictaminado, el **23 de octubre de 2023**, la parte peticionaria interpuso ante el foro primario *Moción en Solicitud de Reconsideración*. En esencia, arguyó que, el 12 de enero

de 2022 fue depuesta, y que el 25 de enero de 2022, le fue notificada copia de transcripción para ser inspeccionada dentro de un término de 30 días, los cuales vencían el 23 de febrero de 2022. Añadió que, habida cuenta de que las contestaciones al interrogatorio y producción de documentos ya se habían enviado, tras examinar la transcripción de la deposición que le fue tomada, surgieron varios intercambios que hacían necesario actualizar, corregir, o enmendar las respuestas y notificar a la parte contraria, conforme lo estipula la Regla 23.1 (e) de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1. Adujo que, siguiendo el procedimiento que establece la Regla 23.1 (e) de Procedimiento Civil, *supra*, procedió a actualizar las respuestas y notificarlas a la parte recurrida. Puntualizó que, la actualización se daba como producto de la entrega de la transcripción de la deposición.

Acaecidas varias incidencias procesales innecesarias pormenorizar, el 17 de noviembre de 2025 y luego de transcurridos más de dos años, el Juzgador de primera instancia mediante Resolución Interlocutoria, declaró No Ha Lugar la solicitud de reconsideración interpuesta por la parte peticionaria.

Nuevamente inconforme, el 17 de diciembre de 2025, la parte peticionaria compareció ante este foro revisor mediante el recurso que nos ocupa y nos plantea los siguientes señalamientos de error:

I. Abus[ó] de su discreción el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al anular la contestación al Primer Interrogatorio y Requerimiento de Producción de Documentos de la Sra. Deborah, Rosabelle y Helios O. Rivera Velázquez el 8 de abril de 2022 y no permitir que la misma fuera corregida a tenor con la Regla 23.1 (e) de Procedimiento Civil, incidiendo en el derecho al debido proceso de ley que cobija al demandante, afectando adversa e injustificadamente al demandante-peticionario.

II. Abus[ó] de su discreción el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al declarar no ha lugar la notificación y actualización de información adicional sobre obituarios en línea 2021-2023 los cuales demuestran enterramientos

efectuados sábados anterior y posterior al 25 de agosto de 2021, copia de página de servicios de citas comprendida en la página cibernética de Dignity Memorial https://www.dignitymemorial.com, y la actualización de la prueba sobre la Certificación emitida por la Funeraria San Fernando de la Carolina al amparo de la Regla 23.1 (e) de las Reglas de Procedimiento Civil y la Regla 905 de Reglas de Evidencia, al amparo de la Regla 23.1 (e) de las Reglas de Procedimiento Civil, incidiendo en el derecho al debido proceso de ley que cobija al demandante-peticionario.

III. Abus[ó] de su discreción el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al declarar no ha lugar la notificación y actualización de información adicional para que la Lcda. Melissa Hernández Carrasquillo declare sobre lo informado por esta en la deposición tomada a la Sra. Deborah Rivera Velázquez el 12 de enero de 2022, la cual fue entregada por la demandada para su evaluación el 25 enero de 2022 luego de finalizado el descubrimiento de prueba, incidiendo en el derecho al debido proceso de ley que cobija al demandante-peticionario.

El 29 de diciembre de 2025, compareció la parte recurrida mediante *Oposición a la Expedición del Auto de Certiorari y Solicitud de Desestimación por Falta de Jurisdicción.*

Con el beneficio de la comparecencia de ambas partes, estamos en posición de disponer del recurso que nos ocupa.

**II**

### A. Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos

---

[2] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[3], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

[4] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 52.1 dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro). [. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v.*

*Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Deferencia Judicial en el manejo del caso

Conforme ha puntualizado nuestro Tribunal Supremo, "[e]l efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". [5] Ello, "para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique".[6] De esta forma, el Tribunal de Primera Instancia tiene amplia discreción sobre el manejo de los casos que se ventilan ante sí.[7]

En *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306–307 (2012), el Alto Foro expresó que:

> La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que

---

[5] *In re Collazo I*, 159 DPR 141, 150 (2003). Véase *Pueblo v. Vega, Jiménez*, 121 DPR 282, 287 (1988).

[6] *In re Collazo I, supra.* Véase *Ortiz Rivera v. Agostini*, 92 DPR 187, 193–194 (1965).

[7] *Vives Vázquez v. E.L.A.*, 142 DPR 117, 141 (1996).

mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final.

Añadió que, "[c]ónsono con lo anterior, la discreción se fundamenta también en el contacto con los litigantes y la prueba que se haya presentado."[8]

Es por lo anterior que, como regla general, los tribunales apelativos no debemos intervenir con la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de discreción. Específicamente, la discreción ha de ceder en circunstancias en las que se configura: un claro abuso de discreción o que el tribunal actuó con prejuicio o que se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esta etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. *BPPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023).[9]

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una

---

[8] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).
[9] Véase, además, *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219, (2021); *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *SLG Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022).

forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

**III**

En su escrito ante nos, la parte peticionaria nos plantea, en esencia, que el Tribunal de Primera Instancia abusó de su discreción al anular la contestación al Primer Interrogatorio y Requerimiento de Producción de Documentos de la Sra. Deborah, Rosabelle y Helios O. Rivera Velázquez el 8 de abril de 2022 y no permitir que la misma fuera corregida, a tenor con la Regla 23.1 (e) de Procedimiento Civil, incidiendo en el derecho al debido proceso de ley que cobija al demandante, afectándola adversa e injustificadamente.

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Por ello, en el caso de autos, debemos determinar en primera instancia, si la parte promovente del recurso ha planteado un asunto comprendido en alguna de las excepciones de la Regla 52.1 de Procedimiento Civil, *supra.* Veamos.

Al revisar detenidamente la controversia traída ante nuestra consideración, nos percatamos de que estamos, eminentemente, ante un dictamen relacionado a descubrimiento de prueba. Ahora bien, a la luz de la norma jurídica antes enunciada, nos es forzoso concluir que, dicho dictamen interlocutorio no está comprendido dentro de nuestro nuevo estado de derecho procesal. Por lo tanto, en virtud de lo dispuesto por la Regla 52.1 de Procedimiento Civil, *supra*, estamos impedidos de revisar el dictamen interlocutorio emitido por el foro *a quo*.

Por otro lado, dicha Regla 52.1 de Procedimiento Civil, *supra*, nos permitiría revisar el recurso si entendiéramos que estamos ante una "situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia." No obstante, habiendo analizado el recurso de epígrafe, concluimos que la parte peticionaria no nos

han puesto en condiciones para resolver que estamos ante una situación de tal magnitud, por lo que no habremos de intervenir con la determinación recurrida en esta etapa de los procedimientos.

Cabe destacar que, la parte demandante peticionaria no plantea en su recurso que, de conformidad a la Regla 52.1 de Procedimiento Civil, *supra*, en este caso amerita que se expida el auto solicitado, pues "esperar a la apelación constituiría un fracaso irremediable de la justicia".

Por otro lado, colegimos que, en este caso tampoco están presentes las circunstancias, que, por vía de excepción, nos permitirían intervenir con el manejo del caso por parte del Juzgador de primera instancia. Esto es, no vemos un claro abuso de discreción o que el tribunal actuó con prejuicio o que se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esta etapa evitaría un perjuicio sustancial a la parte afectada por su determinación.

Por último, aclaramos que con nuestra determinación no estamos prejuzgando los méritos de la controversia en el caso de marras, ni pasamos juicio sobre el dictamen recurrido.

**IV**

Por los fundamentos antes expuestos, denegamos el presente recurso de *certiorari* por falta de jurisdicción, por no satisfacer los criterios establecidos en la Regla 52.1 de Procedimiento Civil de Puerto Rico.

Notifíquese.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones