Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Luisa Brunilda Rondón Acosta<br><br>Peticionaria<br><br>vs.<br><br>Santo Rosario Polanco<br><br>Recurrido | TA2026CE00021 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br>CA2018CV03412<br><br>Sobre:<br>Liquidación de Bienes |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de enero de 2026.

Comparece la señora Luisa Rondón Acosta (Sra. Rondón Acosta o peticionaria), quien nos solicita la revisión de (1) la Orden emitida 2 de diciembre de 2025[1], y (2) la Orden dictada el 4 de diciembre de 2025[2], por el Tribunal de Primera Instancia de Carolina, Sala Superior (TPI o foro primario). Mediante el primer dictamen, el foro primario resolvió que la parte peticionaria no tiene derecho a replicar un escrito sometido por la contadora designada, toda vez que esta última no es parte del pleito, y no presentó una moción dispositiva. En virtud del segundo, declaró Sin Lugar una solicitud de relevo de dictamen radicada por la Sra. Rondón Acosta al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 49.2.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del auto de *Certiorari,* por los fundamentos que expondremos a continuación.

---

[1] Notificada en igual fecha.
[2] Notificada en igual fecha.

## I.

El **5 de noviembre de 2018**, la Sra. Rondón Acosta instó una Demanda sobre división de bienes gananciales en contra del señor Santo Rosario Polanco (Sr. Rosario Polanco o recurrido), quien es su excónyuge. En esencia, alegó que, durante la vigencia de su matrimonio, ambos adquirieron una serie de bienes, entre ellos, la Panadería Rica Dona Inc. No obstante, adujo que, aún no han alcanzado a un acuerdo, por lo que, solicitó la intervención judicial a tales fines.

En atención a las particularidades del pleito, el TPI asignó un Comisionado Especial, el señor José A. Díaz Crespo (Comisionado Especial). Así las cosas, el **19 de junio de 2024**, el Comisionado Especial presentó un informe detallado[3], en el cual sugirió la venta y la adjudicación de una serie de bienes gananciales. Respecto a la Panadería Rica Dona Inc., recomendó lo siguiente a la luz de la información vertida por la peticionaria:

> *i. la venta del negocio en conjunto con la propiedad inmueble en donde opera la panadería, y utilizar el producto de la venta para el saldo de las deudas y el sobrante sea consignado en el Tribunal. Sugirió además que la propiedad inmueble donde opera la panadería sea tasada nuevamente ya que la tasación es remota y no refleja su valor actual en el mercado.*
>
> *ii. 5. Si la parte demandada interesa retener la panadería, la parte demandante acepta como valor del negocio no menos de $900,000. Sugirió además que la propiedad inmueble donde opera la panadería sea tasada nuevamente ya que la tasación es remota y no refleja su valor actual en el mercado.[4]*

Con posterioridad, durante ese día, el Comisionado Especial sometió una Moción Informativa y Recomendación al Tribunal Sobre Propuestas de Servicios de Contabilidad para la Panadería Rica Dona, Inc. En síntesis, propuso los servicios de la Sra. Suzette Morera, contadora de la firma Accounting Services Group.

---

[3] Véase, entrada 397 del Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI).
[4] Véase, entrada 397 del SUMAC TPI, a las págs. 2-3.

Para respaldar su sugerencia, reconoció que los honorarios de dicha contadora superan los solicitados por el contador propuesto por la parte peticionaria. Sin embargo, indicó que sus honorarios guardan mayor relación con el alcance del trabajo a realizarse. Agregó que, consideró la relación de confianza que debe existir entre el operador del negocio y el contador a ser designado. Evaluado este escrito, el TPI autorizó la contratación de la Sra. Morera, según consta en la Orden emitida **el 27 de junio de 2024**.[5]

Examinado el informe sometido el 19 de junio de 2024, el foro primario acogió las recomendaciones que constaban en el mismo, y en efecto, autorizó a que se gestionaran los asuntos requeridos para la venta y adjudicación de los bienes, según lo establece la Orden emitida el **5 de julio de 2024**.[6] **Del expediente ante nuestra consideración, no se desprende que tal determinación haya sido impugnada por las partes a nivel apelativo.**

Sin embargo, tras una serie de incidencias procesales, **el 30 de septiembre de 2025**, el Comisionado Especial solicitó el señalamiento de una vista para atender unos asuntos referentes a la operación del negocio. Conforme a su solicitud, el foro primario celebró una vista el 6 de octubre de 2025, de acuerdo con la Minuta notificada el 7 de noviembre de 2025. Durante dicho procedimiento, se discutieron las cuestiones vinculadas con una deuda por el servicio de energía eléctrica brindado a la Panadería Rica Dona, Inc.:

> *La licenciada Carillo informa que el agua y la luz se cortaron porque la demandante fue a las autoridades igual como hizo con Hacienda. **El Contador Partidor y la Contable le han dicho a la demandante que tiene que firmar la resolución corporativa para que puedan poner la luz porque sí la panadería***

---

[5] Notificada al día siguiente.
[6] Notificada el 8 de julio de 2024.

> ***funcionó con luz, pero con planta. Las deudas vienen desde que la demandante estaba administrando. Desde que el contador partidor comenzó a trabajar con la panadería, se está pagando. Lo que el tribunal ya aprobó, su cliente va a asumir todas las deudas. El tribunal tiene que ordenar a la demandante que vaya y firme para que la luz se ponga a nombre de su cliente. Su cliente no tiene repararon con la recomendación que se reduzca el salario a $1,000 a cada uno semanal, para que sea diferencia de salario que pueda utilizar para pagar un plan de pago.***
>
> ***La licenciada Pizarro se expresa que el tribunal tome en consideración lo solicitado desde el 2020.***
>
> ***El tribunal emitirá resolución y orden. El tribunal quiere dejar claro que aquí [hay] un Comisionado Especial nombrado, hay un contable y que todos los asuntos sí han estado atendidos. La situación que existe ahora se va a atender con una orden. Ninguna de las partes puede unilateralmente arrogarse derechos o actuaciones y pasar por encima al Comisionado Especial. Se debe dar cumplimiento a las órdenes del tribunal o de lo contrario, el tribunal desestima el caso con fundamentos para la desestimación.***
>
> .     .     .     .     .     .     .     .
>
> ***El asunto de la luz se atenderá conforme al análisis que realice el Comisionado Especial. Las partes deberán cooperar. El tribunal no va a mantener el caso abierto si las partes no quieren cooperar.***[7] (Énfasis nuestro).

A tenor con lo discutido en la vista, el TPI emitió una Resolución **el 7 de octubre de 2025**[8], en la cual ordenó a la peticionaria a que firmara la resolución corporativa para permitir el cambio de nombre en la cuenta de servicio de energía eléctrica:

> ***La génesis de la situación sobre los servicios de agua y electricidad han sido atendidas anteriormente y solo se ha cumplido con el cambio del servicio de agua a nombre de la parte demandada. La petición de cambio fue solicitada por la parte demandante y no hay razón alguna para cualificar ahora que el cambio sea a nombre de la corporación, Panadería Rica Dona, Inc., porque dicho servicio ha estado a nombre de la parte demandante en su carácter personal. Además, la parte demandante conoce que la corporación no cumple con los requisitos ordinarios para poder solicitar dicho cambio. Esto***

---

[7] Véase, entrada 469 del SUMAC TPI, a las págs. 2-3.
[8] Notificada en igual fecha.

*es un asunto operacional que en nada afecta ni limita los derechos de la parte demandante sobre la corporación, por tanto:*

_**Se ordena inmediatamente a la parte demandante a la firma de la Resolución Corporativa requerida por LUMA para gestionar el cambio de nombre en la cuenta de LUMA. Una vez recibida la Resolución Corporativa firmada por la parte demandante, la parte demandada tiene un término de días para gestionar el cambio de nombre en la cuenta de LUMA, y una vez vencida la factura el 15 de octubre de 2025, establecer un plan de pago**_.[9] (Énfasis nuestro).

Ante tal contexto, el **14 de noviembre de 2025**, el foro primario decretó que la contadora Morera presentara una moción informativa, con el propósito de ilustrar al tribunal respecto al mecanismo que lleva a cabo para informar a la Sra. Rondón Acosta sobre los asuntos financieros de la panadería mencionada.

Por otra parte, el **18 de noviembre de 2025,** la Sra. Rondón Acosta presentó una Moción Reconsideración de Resolución dictada el 7 de octubre de 2025, Prorrogada el 3 de noviembre de 2025 (Entrada 445) y Solicitud de Vista Evidenciaria. En suma, argumentó que el tribunal recurrido emitió el dictamen, objeto de reconsideración, sin la celebración de una vista evidenciaria y fundamentado en alegaciones no juradas por parte de los abogados. En vista de tales circunstancias, arguyó que sus derechos patrimoniales y procesales se ven afectados.

No obstante, de conformidad con el decreto emitido el 14 de noviembre de 2025, la Sra. Morera, radicó el **21 de noviembre de 2025,** una Moción en Cumplimiento de Orden. Indicó que, semanalmente prepara un informe detallado el cual remite a la parte peticionaria con los siguientes asuntos: (1) el reporte de ventas generados mediante el sistema de Punto de Venta (*Clover*), (2) el reporte de nómina que incluye horas trabajadas, salarios devengados y deducciones aplicadas, (3) las copias de facturas

---

[9] Véase, entrada 447 del SUMAC TPI, a las págs. 3-4.

pagadas a suplidores de la semana, y (4) las copias de los cheques preparados, los cuales han sido revisado por la Sra. Rondón Acosta.

Tras examinar los argumentos expuestos en el escrito de reconsideración del 18 de noviembre de 2025, el foro primario emitió una Resolución el **20 de noviembre de 2025**[10], mediante la cual declaró Sin Lugar la solicitud. En esencia, estableció que desde, el 5 de julio de 2024, el TPI emitió un dictamen concerniente a la administración de los bienes en litigio, por lo que, es un asunto final y firme. No obstante, determinó que la peticionaria continuamente levanta argumentos al respecto, lo cual genera un retraso considerable del caso, y a su vez, impide que el Comisionado Especial y el foro judicial realicen su trabajo. Así dispuesto, decretó lo siguiente:

> *1) Proceder de forma inmediata al cambio de nombre en la cuenta de Luma a nombre de la parte demandada. El Comisionado Especial dará seguimiento a este asunto.*
>
> *2) Se autoriza que las partes se reúnan con el Comisionado Especial para gestionar la contratación de representación legal de manera que se pueda gestionar cuanto antes la petición de quiebra de la Corporación y de esta forma poder proteger la corporación del embargo.*
>
> *3) El tribunal se reitera en lo ordenado el 5 de julio de 2024 sobre la liquidación parcial y en la Resolución del 10 de septiembre de 2025, 7 de octubre de 2025 y 16 de octubre de 2025. En este sentido se autoriza proceder a la liquidación parcial de la Corporación conforme lo disponga el Comisionado Especial y el abogado que se contrate para el procedimiento de Quiebra. Esto incluye la propuesta de la parte demandada de asumir las deudas de la Panadería Rica Dona con su correspondiente cesión.*
>
> *4) Se ordena la reducción inmediata del salario a ambas partes según ha sido informado y acogido por el Comisionado Especial. Se le apercibe a la parte demandante que si incumple nuevamente con lo aquí ordenado se van a imponer sanciones económicas como preámbulo para la desestimación de esta demanda. El tribunal no*

---

[10] Notificada al día siguiente.

*puede avalar que las órdenes no sean cumplidas, que las mismas no tengan efecto coercitivo para las artes y que el caso se mantenga en una pugna constante que impida la disposición final. Esto ha sido advertido a la parte demandante anteriormente.*[11] (Énfasis nuestro).

En cuanto al asunto de la contable, **el 25 de noviembre de 2025**, el TPI dispuso que se da por cumplida la Orden. Ante tal dictamen, **el 1 de diciembre de 2025,** la peticionaria presentó una Moción Solicitando Prórroga para Replicar Moción de Contadora (Entrada #495).[12] Argumentó que, toda moción adversa requiere que el TPI le conceda a la parte promovida un término para expresarse, salvo las mociones ex parte, según lo garantiza la Regla 8.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.5. Por consiguiente, peticionó la concesión de una prórroga a tales fines. Arguyó que, de ser denegada su solicitud, entonces ello constituiría un fundamento suficiente para solicitar reconsideración

Evaluados sus planteamientos, el **2 de diciembre de 2025**, el TPI dictó una Orden[13], en la cual declaró No Ha Lugar su petición, toda vez que el escrito presentado no es una moción dispositiva adversa a las partes y, además, puntualizó que la Sra. Morera no es una parte del pleito.

Oportunamente, el **3 de diciembre de 2025**, la Sra. Rondón Acosta presentó una Moción de Reconsideración (Entrada #495, 500, #502 Y 507). En esta, peticionó que se deje sin efecto la determinación mediante la cual se estableció que se da por

---

[11] Véase, entrada 490 del SUMAC TPI, a las págs. 2-3.

[12] En igual fecha, la Sra. Rondón Acosta radicó una Segunda Moción de Relevo de Orden (Regla 49.2 (c) y (f), en la cual adujo que presentó una segunda moción para impugnar la Resolución del 7 de octubre de 2025 y otras decisiones dictadas con anterioridad. No obstante, el 3 de diciembre de 2025, el foro primario emitió una Resolución y Orden, en la cual declaró Sin Lugar dicha petición, fundamentado en que no cumple con los criterios, pues su contenido presenta una reconsideración sobre los mismos planteamientos que por meses han ocupado al tribunal. Además, impuso una sanción de $500.00 a la parte peticionaria por no cesar su conducta hacia el tribunal. Le advirtió, a su vez que, de continuar con tal actuación, procedería a desestimar su Demanda.

[13] Notificada en igual fecha. **En desacuerdo con este proceder, el 22 de diciembre de 2025, la peticionaria radicó recurso TA2025CE00945 ante este Tribunal de Apelaciones, el cual se encuentra pendiente de revisión.**

cumplida la orden, así como la denegatoria de la prórroga solicitada. Explicó que la moción de la contable tiene carácter adverso y sustantivo para sus derechos. Acentuó que, la denegatoria incide en su derecho a la oportunidad de ser oída frente a un informe técnico que se utilizará para decisiones sobre coadministración, contabilidad, valoración de la Panadería, entre otros aspectos. Tras analizar su contención, **ese día**, el foro primario emitió una Orden[14] en la cual declaró No Ha Lugar la solicitud de reconsideración que antecede.

Al día siguiente, entiéndase, **el 4 de diciembre de 2025**, la Sra. Rondón Acosta presentó Moción de Reconsideración Parcial (Entrada #490) en la Alternativa Relevo de Orden (Entrada #447) sobre Orden Firma Documento para LUMA. Particularmente, solicitó que se le releve del decreto del 20 de noviembre de 2025, el cual estableció que la peticionaria debe firmar la resolución corporativa. Detalló que se formalizó un plan de pago con LUMA que elimina la urgencia planteada, por lo que, ya no existe la necesidad de suscribir su firmar en la aludida resolución corporativa. Considerada su argumentación, **en igual fecha**, TPI emitió una Orden[15], en la cual declaró Sin Lugar el relevo de dictamen peticionado.

Inconforme con tales dictámenes, el 7 de enero de 2026, la Sra. Rondón Acosta recurrió ante nos mediante un recurso de *Certiorari*, en el cual esbozó los siguientes señalamientos de error:

> *Incurrió el TPI en error de derecho y abuso de discreción al denegar a la Peticionaria la oportunidad de ser oída y de replicar a la Moción en Cumplimiento de la Contadora (Entrada 495), bajo el fundamento erróneo de que no era una moción "adversa" ni "dispositiva", violando el debido proceso de ley garantizado constitucionalmente, sin adjudicar los incumplimientos contractuales alegados, convalidando el pago continuo de honorarios sin fiscalización, promoviendo un*

---

[14] Notificada en igual fecha.
[15] Notificada el 4 de diciembre de 2025.

*perjuicio patrimonial directo, en violación al debido proceso de ley y constituyendo un abuso de discreción.*

*Incurrió el TPI en abuso de discreción y error de derecho al denegar "Relevo de Orden para dejar sin efecto la orden que obliga a firmar la Resolución Corporativa". bajo la Regla 49.2(c) y (f) de Procedimiento Civil, de sobre la firma de una Resolución Corporativa para cambio de cuenta de LUMA, a pesar de la prueba objetiva que demostró la falsa representación que motivó la orden original, el cambio de circunstancias que tornó la orden académica, innecesaria y, crucialmente, el riesgo de menoscabo patrimonial que implica el traspaso de la cuenta en el contexto de una disputa sobre la valoración de participación y liquidación parcial y la falsedad inherente al acto corporativo exigido.*

*Incurrió el TPI en abuso de discreción y error de derecho al declarar No Ha Lugar la reconsideración sin considerar el contenido ni los efectos jurídicos del documento, cerró el proceso sin adjudicar el planteamiento medular: si el Tribunal puede obligar a una parte a suscribir un instrumento corporativo cuyo lenguaje, por sí mismo, no contempla la prelación de deudas ni la continuidad de ingresos corporativos, en el contexto de una liquidación aún no adjudicada.*

Al presentar su escrito también sometió una Urgente Moción de Auxilio de Jurisdicción y Paralización. Amparada en tal solicitud, requirió la paralización de una serie de procedimientos ante el TPI. Tras examinar su argumentación, el 9 de enero de 2025, este Tribunal de Apelaciones emitió una Resolución, mediante la cual concedió a la parte recurrida hasta el 12 de enero de 2026 para exponer su posición. De conformidad con lo anterior, el Sr. Rosario Polanco radicó su Oposición a Auxilio de Jurisdicción.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

**II.**

**A.**

Es norma reiterada, que el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal

inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención interlocutoria de este Tribunal de Apelaciones:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.*

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847-848 (2023) (citando a R. Hernández

Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal</u> *civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, págs. 533).

No obstante, una vez se adquiere jurisdicción a tenor con la Regla 52.1 de Procedimiento Civil, *supra*, la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> *A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> *B. Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> *C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *E. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al.* v. *BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres*

*González v. Zaragoza Meléndez, supra,* a la pág. 849.   Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

**B.**

En nuestro ordenamiento jurídico, el Tribunal de Primera Instancia goza de amplia flexibilidad y discreción para lidiar con el diario manejo de los asuntos judiciales ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003); *Pueblo v. Vega, Jiménez,* 121 DPR 282, 287 (1988).   Tal facultad emana de la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1:

> ***Estas reglas regirán todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia. Se interpretarán de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento.*** (Énfasis nuestro)-

Por consiguiente, los foros apelativos no debemos intervenir con dicha discreción, salvo medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).   Así pues, mediante esta autoridad se propicia el efectivo funcionamiento de nuestro sistema judicial, según lo reconoce el Tribunal Supremo de Puerto Rico en el caso *In re Collazo I,* 159 DPR 141, *supra,* a la pág. 150:

> ***El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos***

*judiciales. Pueblo v. Vega, Jiménez, 121 D.P.R. 282, 287 (1988). Es por ello que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. Ortiz Rivera v. Agostini, 92 D.P.R. 187, 193–194(1965).* (Énfasis nuestro).

### III.

Surge del expediente ante nos que, el foro primario dictó una Orden el 5 de julio de 2024[16] en la cual acogió las recomendaciones brindadas por el Comisionado Especial para la administración, la venta y la adjudicación de una serie de bienes gananciales, entre ellos, la Panadería Rica Dona Inc. **Ahora bien, no se desprende del tracto procesal examinado, que tal determinación haya sido impugnada a nivel apelativo por parte la Sra. Rondón Acosta.**

Con posterioridad, en atención a las particularidades del pleito, **el 27 de junio de 2024,** el foro primario autorizó a que se asignara al proceso a la Sra. Morera, en calidad de contadora, de acuerdo con la recomendación proporcionada por el Comisionado Especial.

Luego de múltiples incidencias procesales**,** el Comisionado Especial peticionó la calendarización de una vista, la cual se celebró **6 de octubre de 2025**, para discutir ciertos asuntos, entre ellos, la deuda existente ante LUMA por el servicio de energía eléctrica suministrado a la Panadería Rica Dona Inc. **Cabe destacar que, a este señalamiento comparecieron las partes, por conducto de sus representantes legales**. **Tras escuchar sus respectivas posturas, el foro primario determinó, en corte abierta, que el asunto de la deuda por servicio energético se atendería conforme al análisis del Comisionado Especial.**

---

[16] Notificada 8 de julio de 2024.

Según anticipado, el 7 de octubre de 2025, el tribunal recurrido emitió una Resolución con una serie de directrices. En particular, le ordenó a la peticionaria a que firmase una resolución corporativa para que la cuenta de LUMA reflejase el nombre del Sr. Rosario Polanco.

En el ínterin de este proceso, el 14 de noviembre de 2025, TPI decretó que la contadora Morera presentara una moción para notificar sobre el mecanismo que lleva a cabo, a los fines de informar a la Sra. Rondón Acosta en cuanto a los asuntos financieros del aludido negocio. De conformidad con lo requerido, el 21 de diciembre de 2025, la Sra. Morera presentó una Moción en Cumplimiento de Orden, en la cual detalló la serie de gestiones efectuadas para notificar a la peticionaria. Examinado el escrito sometido por la Sra. Morera, el 25 de noviembre de 2025, el foro primario dio por cumplida la Orden.

Sin embargo, el 1 de noviembre de 2025, la peticionaria solicitó que se le permitiera replicar la información vertida por la contadora. No obstante, el 2 de diciembre de 2025, el foro primario dictó una Orden en la cual declaró No Ha Lugar su solicitud para replicar el escrito de la contadora, por esta última no ser parte del pleito, y no haberse presentado una moción dispositiva adversa en su contra. Inconforme, el 3 de diciembre de 2025, la peticionaria presentó una solicitud de reconsideración. Durante ese día, el tribunal recurrido declaró No Ha Lugar su solicitud de reconsideración.

No obstante, el 4 de diciembre de 2025, la Sra. Rondón Acosta radicó una solicitud de relevo para dejar sin efecto el decreto del 20 de noviembre de 2025 que, le ordenó el cambio de nombre en la cuenta de LUMA. Examinado su escrito, el foro primario declaró Sin Lugar la petición de relevo presentada por la Sra. Rondón Acosta.

Ante este historial procesal, no encontramos los criterios jurídicos contemplados en la Regla 40 del Tribunal de Apelaciones, *supra*, que nos permitan expedir el recurso discrecional presentado por la Sra. Rondón Acosta.  Nada en el expediente judicial devela indicios de prejuicio, parcialidad, abuso de discreción o error manifiesto en la interpretación o la aplicación de norma procesal o sustantiva por parte del foro primario.  Notamos, pues que, el proceder impugnado responde a un asunto de manejo de caso, en cuya instancia no procede nuestra intervención.  En virtud de ello, denegamos expedir el recurso de *Certiorari* peticionado, toda vez que no se cumplen criterios exigidos para activar nuestra facultad revisora discrecional, según los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, *supra*.

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, denegamos la expedición del auto de *Certiorari* solicitado por la Sra. Luisa Rondón Acosta, en cuanto a las dos (2) órdenes recurridas.  En vista de lo anterior, declaramos No Ha Lugar la Solicitud de Auxilio de Jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones